484 F.2d 864
 In the Matter of James Elvin O'BANNON et al., Bankrupts.
SMILEY PROFESSIONAL ASSOCIATION, Petitioner-Appellant in
Nos. 73-1172, 73-1173, and 73-1174,
Respondent-Appellee in Nos. 73-1175,
73-1176, and 73-1177,
v.
E. Ray PHELPS, Trustee, Petitioner-Appellant in Nos.
73-1175, 73-1176, and 73-1177, Respondent-Appellee
in Nos. 73-1172, 73-1173, and 73-1174.
 Nos. 73-1172 to 73-1177.
 United States Court of Appeals,
Tenth Circuit.
 Submitted Aug. 14, 1973.
Decided Sept. 17, 1973.
 
 Jennie Deden Behles, Albuquerque, N. M., on brief for Smiley Professional Assn.
 E. Ray Phelps, Trustee, pro se, on brief.
 Before BARNES,* BREITENSTEIN and BARRETT, Circuit Judges.
 BREITENSTEIN, Circuit Judge.
 
 
 1
 These six appeals from orders entered in bankruptcy proceedings were presented on a single record and will all be disposed of in this opinion. All of the appeals involve, in one way or another, referee's orders, sustained by the district court, with reference to compensation for the attorney who prepared the petitions for voluntary bankruptcy. If 11 U.S.C. Sec. 650 and Rule 6 F.R.App.P. are applicable, a point which we do not decide, we treat the notices of appeal as petitions to this court for the allowance of the appeals, allow each appeal, and dispose of each on its merits. See Webster Drilling Company v. Walker, 10 Cir., 286 F.2d 114, 116-117.
 
 
 2
 James O'Bannon and his wife Linda were in financial difficulties. James was an officer of a corporation, Bueno Feeds, Inc., but the nature of that office is not disclosed. He and Linda were "principal shareholders" in the corporation but the extent of their interest is not disclosed. The record does not contain the schedules of debts of the individuals or of the corporation and we do not know what, if any, identity existed.
 
 
 3
 The O'Bannons consulted a lawyer, Smiley, and paid him from their personal funds $1,500.00. At the time the corporation had assets but the nature and amount is not disclosed in the record. Smiley filed a joint petition in voluntary bankruptcy for the O'Bannons, and a separate petition for the corporation. The identifying numbers are 15,405 for the corporation, 15,406 for James, and 15,407 for Linda. Phelps was appointed trustee for each estate. The pertinent schedule in the individual estates shows payment of a $300.00 attorney's fee and $50.00 filing fee in each, and indicates that payment was from the respective individual. The same schedule for the corporation shows payment of a $300.00 attorney's fee and $50.00 filing fee paid by the corporation. Actually, the corporation did not pay it.
 
 
 4
 The trustee filed in the individual estates an application to examine fees under Sec. 60(d) of the Bankruptcy Act, 11 U.S.C. Sec. 96(d), and to recover a fraudulent conveyance allegedly arising from the payment by the individuals of the fees for the corporation bankruptcy. Evidentiary hearings were held. The record does not explain how the corporation bankruptcy became involved in those hearings. At their conclusion, Smiley presented proposed findings and conclusions in both the individual estates and the corporation estate. The trustee filed requested findings and conclusions in the individual estates. The referee made findings and conclusions in all three estates and held (1) Smiley should pay the trustee in the individual estates $694.80 as an excessive fee charge and (2) the collection by Smiley from the O'Bannons for the filing fees in the corporation estate was not a fraudulent transfer.
 
 
 5
 The trustee filed a petition for review in the estates of the individuals and Smiley filed a similar petition asking for review in all three estates. The referee's certificate on petition for review covered all three estates. The only action of the district court was to deny, in one order, all of the petitions for review. Smiley and the trustee then each filed a separate notice of appeal in each bankruptcy estate. No order of consolidation was requested or made in the court of appeals. However, one record was presented and the appeals were jointly briefed.
 
 
 6
 We consider first the problems relating to examination under Sec. 60(d), 11 U. S.C. Sec. 96(d), of the fees paid. That section authorizes examination in summary proceedings of payments made by a debtor to an attorney in contemplation of bankruptcy for services to be rendered by the attorney in connection therewith. Conrad v. Pender, 289 U.S. 472, 475, 53 S.Ct. 703, 77 L.Ed. 1327. The purpose of the statute is to restrain "opportunities to make an unreasonable disposition of property through arrangement for excessive payments for prospective legal services." Ibid. at 477, 53 S.Ct. at 705.
 
 
 7
 Section 60(d) relates only to attorney's fees for legal services to be rendered in contemplation of bankruptcy and not to legal services to be rendered after the petition in bankruptcy has been filed. In Re Louisiana Loan and Thrift Corporation, 5 Cir., 416 F.2d 898, cert. denied, Holahan v. Reynolds, 397 U.S. 912, 90 S.Ct. 912, 25 L.Ed.2d 93, and In Re Falk, 2 Cir., 30 F.2d 607, 608-609. The first question is the nature of the services. If the fee was paid in contemplation of bankruptcy and for services to be rendered before bankruptcy, the fee is examinable under Sec. 60(d). Smiley urges that the fee charged, above that listed in the two individual schedules, was not examinable because it was for non-bankruptcy related services to be performed after the filing of the petitions. The evidence in this regard was conflicting. Smiley claims that the services to be rendered were with regard to certain pending litigation and feared criminal prosecutions. O'Bannon testified that the $1,500.00 payment was in contemplation of bankruptcy and that there was no agreement that Smiley represent him in other matters. The referee apparently believed O'Bannon, and found that there was no agreement that "the sum paid as attorney fees would include legal representation in any criminal or conversion cases" or at hearings on objection to discharge. The pertinent finding of the referee is supported by substantial evidence, is not clearly erroneous, and is binding on us. General Order 47 (see Bankruptcy Rule 810, effective October 1, 1973), and Potucek v. Cordeleria Lourdes, 10 Cir., 310 F.2d 527, 530, cert. denied 372 U.S. 930, 83 S.Ct. 875, 9 L.Ed.2d 734. Accordingly, the fee paid by the individuals for their bankruptcies is subject to examination under Sec. 60(d).
 
 
 8
 This brings us to the provisions of Sec. 60(d) that the fee "shall be held valid only to the extent of a reasonable amount," and that "the excess may be recovered by the trustee for the benefit of the estate." On the basis of evidence relating to the services rendered and to the opinions of experts on the value of those services, the referee found that a reasonable attorney's fee for the individual estates was $343.20 and that in addition Smiley was entitled to collect $100 for filing fees. The action of the referee was not arbitrary, capricious, or unreasonable. The record sustains it. We will not substitute our judgment for that of the referee and the district court. See In Re Paramount Merrick, Inc., 2 Cir., 252 F.2d 482, 485.
 
 
 9
 The situation with regard to the corporation is different. The corporation paid no fees. They were paid for it by the O'Bannons. Section 60(d) applies to fees paid by a debtor. Accordingly, there may be no examination under that section of any fees paid to get the corporation into bankruptcy. The problem with regard thereto is whether the payment of those fees by the O'Bannons was a prohibited transfer which diminished the assets of the O'Bannon estates.
 
 
 10
 Section 67(d)(2)(a) of the Bankruptcy Act, 11 U.S.C. Sec. 107(d)(2)(a), provides that a transfer made by a debtor within one year prior to filing a bankruptcy petition is fraudulent
 
 
 11
 "as to creditors existing at the time of such transfer * * *, if made * * * without fair consideration by a debtor who is or will be thereby rendered insolvent, without regard to his actual intent."
 
 
 12
 The only question presented is whether the transfer was made "without fair consideration." The referee found that the reasonable fee for the corporation bankruptcy was $312.00 plus $50.00 for filing, and that payment was made by the O'Bannons from their personal funds. The oblique attack which Smiley makes on this finding is immaterial because if the transfer is prohibited the trustee can recover the amount thereof, whatever that may be. The referee concluded that the payment was not a fraudulent transfer and the district court affirmed.
 
 
 13
 We recognize that fairness of consideration is a factual question and that the burden of persuasion rests on the trustee. Kingdom Uranium Corporation v. Vance, 10 Cir., 269 F.2d 104, 108. The trouble here is that there is a complete absence of consideration. Smiley argues that the financial troubles of the corporation were "bothering" O'Bannon and that what benefited the corporation benefited O'Bannon. The record does not disclose any possible benefit to the O'Bannons except possibly peace of mind. The record contains nothing to show the ownership or interests of the O'Bannons in the corporation or any identity of the individual debts and corporate debts. The most that the record shows is that the payment of the fees benefited the corporation by getting it into voluntary bankruptcy. Transfers made to benefit a third party are not made for the fair consideration required by Sec. 67(d)(2)(a). See 4 Collier on Bankruptcy (14th ed.) p 67.33, p. 514. Because there was no fair consideration for the transfer, both the referee and the district court erred as a matter of law in concluding that the payment made by the O'Bannons to Smiley for the corporation's bankruptcy was not fraudulent.
 
 
 14
 The remaining problem is the disposition of the six appeals before us. A recapitulation is in order. The O'Bannons paid Smiley $1,500.00. We affirm the holding of the referee that the reasonable attorney's fees, plus the filing fees, in the two individual estates was $443.20. The finding of the referee that the reasonable attorney's fee, plus filing fee, in the corporation estate was $362.00 is also affirmed. On the issue of impermissible transfer, we reverse the district court and the referee and hold that the payment by the O'Bannons of $362.00 on account of the corporation bankruptcy was a transfer in violation of Sec. 67(d)(2)(a) and is recoverable by the trustee for the individual estates. The result of all this is that Smiley must pay to the trustee of the individual estates $1,056.80 ($1,500.00 less $443.20).
 
 
 15
 Any effort to sort out these six appeals in a technically correct manner would accomplish nothing. The final result is that Smiley owes the trustee of the individual estates $1,056.80. The best disposition which we can contrive is to order that each appeal is affirmed in part and reversed in part; that each appeal should be remanded for further proceedings in the light of this opinion; and that the trustee shall recover his costs in each appeal from Smiley.
 
 
 16
 It is so ordered.
 
 
 
 *
 Of the Ninth Circuit, sitting by designation