Abraham DAVIS, Trustee of the Estate of SLF News Distributors, Inc., et al., Plaintiffs-Respondents,

v.

COOK CONSTRUCTION CO. et al., Defendants-Appellants.

Bankruptcy No. 76–1772B.

No. 80–371C(1).

United States District Court, E. D. Missouri, E. D.

June 16, 1980.

---

Leslie A. Davis, Clayton, Mo., for plaintiffs-respondents.

Martin Schiff, Jr., Webster Groves, Mo., for defendants-appellants.

## MEMORANDUM

WANGELIN, Chief Judge.

This is an appeal from a January 24, 1980 Order of the Bankruptcy Court entering judgment in favor of the Trustee in Bankruptcy in the amount of Ten Thousand Dollars ($10,000) and against James M. Cook Construction Company under § 67(d)(2)(a) of the Bankruptcy Act, 11 U.S.C. § 107(d)(2)(a) and simultaneously entering judgment by default against third-party defendant and in favor of James M. Cook Construction Company.

This Court has fully considered the opinion of the Bankruptcy Court in light of the issues raised by the parties in their briefs. In the opinion of this Court the evidence introduced by way of stipulation amply supports the Bankruptcy Court's finding that the trustee was entitled to judgment under § 67(d)(2)(a) of the Bankruptcy Act, 11 U.S.C. § 107(d)(2)(a).

Defendant-appellant contends that since the trustee failed to allege and show that defendant-appellant had knowledge of any fraud because the check received by defendant-appellant describes the MAM partnership and not the bankrupt as the "remitter", nor did defendant-appellant know that Allan Molasky was associated (in any capacity) with the bankrupt until long after the transfer, no claim for a fraudulent conveyance could be pleaded or proved by the trustee.

The manifest purpose and effect of § 67(d)(2)(a) is to set up a test of constructive as distinguished from actual fraud. If two conditions are present, i. e., lack of fair consideration and insolvency or resultant insolvency, there is a conclusive presumption of fraud. *See* 4 Collier on Bankruptcy, ¶ 67.34, p. 518 (1978). There was not fair consideration for the transfer because the payment by the bankrupt of Allan Molasky's and the MAM partnership's debt is a transfer completely absent of consideration to the bankrupt. *In re O'Bannon,* 484 F.2d 864, 867 (10th Cir. 1973). At the time the bankrupt's check no. 2170 was issued to purchase cashier's check no. 217243 the bankrupt was insolvent.

The Bankruptcy Court correctly found that the Ten Thousand Dollar ($10,000) payment went directly from the bankrupt to defendant-appellant without consideration and that there was no evidence that the bankrupt was in any measure indebted to Allan Molasky or to the partnership or received any fair consideration from Allan

Molasky or the partnership for the issuance of the check. Defendant-appellant was not a bona fide purchaser within the meaning of § 67(d)(6) of the Bankruptcy Act. Defendant-appellant argues that it received the Ten Thousand Dollar ($10,000) cashier's check for a present fair equivalent value from Molasky and the MAM partnership and thus the partnership not the bankrupt was the transferor to it. The finding of the Bankruptcy Court in this regard was as follows:

The argument loses sight of the plainly proven fact that the bankrupt purchased the cashier's check with the proceeds of its own check issued specifically for that purpose; and ignores the fact that nowhere in this record does it appear that the bankrupt was in any measure indebted to Molasky, or to the partnership, or could have received any fair consideration from either of them for the issuance of the check. The substance rather than the form of the payment must be considered. *Tacoma Ass'n of Creditmen v. Lester*, 72 Wash.2d 453, 433 P.2d 901 (1967). It is clear to me that Molasky simply caused the bankrupt to pay Ten Thousand Dollars ($10,000) to the defendant to avoid its filing of a mechanic's lien statement in respect of his business property, and that no intermediate transfer of Ten Thousand Dollars ($10,000) from the bankrupt to the partnership occurred nor was intended. The legend on the cashier's check, that the partnership was the remitter, is substantively innocuous as proof of such an intermediate transfer. Its only relevance, as I see it, is as to the matter of notice, or knowledge, on the part of the defendant, which is not (as stated before) a relevant issue in a § 67(d)(2)(a) controversy.

This finding is not clearly erroneous. *See* Rule 52(a) of the Federal Rules of Civil Procedure; Bankruptcy Rule 810; *In re McGinnis*, 586 F.2d 162, 164 (10th Cir. 1978); *In re Baldwin*, 578 F.2d 293, 294 (10th Cir. 1978). Accordingly,

IT IS HEREBY ORDERED that the judgment of the Bankruptcy Court entered herein be and is AFFIRMED.