48 B.R. 204 (1985)
In re BURBANK GENERATORS, INC., dba Universal Auto Electric, Debtor.
David A. GILL, Trustee, Plaintiff,
v.
Anthony BROOKLIER, Defendant.
Bankruptcy No. LA 81-09366 RM, Adv. No. LA 83-0742 RM.
United States Bankruptcy Court, C.D. California.
April 11, 1985.
*205 Danning, Gill, Gould, Joseph & Diamond, David R. Weinstein, Los Angeles, Cal., for plaintiff.
Anthony P. Brooklier, Marks & Brooklier, Beverly Hills, Cal., for defendant.

MEMORANDUM OF DECISION

re Complaint to Avoid Fraudulent Transfers
RICHARD MEDNICK, Bankruptcy Judge.
Debtor, Burbank Generators, Inc. dba Universal Auto Electric, filed a Chapter 11 petition on July 28, 1981. On September 18, 1981, this Court converted the Chapter 11 case to one under Chapter 7. The Chapter 7 trustee is the plaintiff in this adversary proceeding.
The debtor manufactured starters, generators and alternators primarily for use in imported cars. In March, 1981, a federal grand jury indicted Robert Kaye, president and principal shareholder of the debtor; John Lee, an employee of the debtor; and five other individuals. The indictment alleged various substantive counts against Mr. Kaye and Mr. Lee, including "conspiracy, damage to property by means of explosive and making threats and committing acts of violence to obstruct commerce." Count Twenty of the indictment named all of the defendants and alleged that they had participated in a pattern of racketeering in violation of 18 U.S.C. § 1962(c).[1]
Anthony Brooklier, the defendant herein, is an attorney whose practice is concentrated in the criminal defense area. In April, 1981, Anthony Brooklier agreed to represent John Lee at his impending criminal trial. The indictment charged Mr. Lee with offenses which occurred while he was an employee of the debtor. Robert Kaye, the debtor's president, who owned 95 per cent of the outstanding shares of stock in the debtor, directed the debtor to pay Lee's attorneys' fees. Mr. Brooklier was concerned that a conflict in the criminal matter might arise if the debtor paid his fees on behalf of Lee, since Robert Kaye was a co-defendant. The defense brought the situation to the attention of the trial court in the criminal proceeding and that court approved the fee arrangement.
On May 15, 1981, the debtor paid Mr. Brooklier $12,500, and on June 18, 1981, it paid him an additional $5,000. These payments represented compensation for Mr. Brooklier's services rendered as defense counsel to Mr. Lee. Mr. Lee's trial began *206 on July 14, 1981. At its conclusion, the jury found both him and Robert Kaye guilty on all counts. Mr. Brooklier continued to represent Mr. Lee on appeal. The Court of Appeals reversed Count One (conspiracy), but otherwise affirmed the convictions.
On January 27, 1983, the Chapter 7 trustee filed his complaint to avoid fraudulent and preferential transfers from the debtor to Mr. Brooklier. On December 30, 1983, this Court heard the trustee's motion for summary judgment on the second, third and fourth claims for relief which were based upon 11 U.S.C. § 548(a)(2) (1979).[2] The Court granted the summary judgment motion with respect to all elements of a fraudulent transfer except one. The Court denied the motion for summary judgment on the factual issue of whether the debtor received a reasonably equivalent value in exchange for its transfer. The defendant contended that his legal defense of John Lee provided the debtor with a reasonably equivalent value in exchange for the debtor's transfer of $17,500 to the defendant. The trustee acknowledges that Mr. Brooklier represented Mr. Lee professionally and does not contend that the amount of the fees were unreasonable. The trustee has not prosecuted the first and fifth claims for relief and the Court hereby dismisses them with prejudice for lack of prosecution.
To set aside a transfer of funds, the Court must find that the debtor "received less than a reasonably equivalent value in exchange for such transfer or obligation." 11 U.S.C. § 548(a)(2)(A) (1979). At trial, the parties presented evidence on this one issue.

ANALYSIS
The issue presented here is best expressed by inquiring whether the debtor received any value in exchange for its transfer. If this Court finds that the debtor did not receive any value, then the question of reasonably equivalent value does not arise.
The decision of the United States Court of Appeals for the Tenth Circuit in In re O'Bannon, 484 F.2d 864 (10th Cir.1973), is instructive on the present issue. In O'Bannon, two individuals filed bankruptcy. They were principal shareholders of a corporation. The individuals paid an attorney to file a bankruptcy petition on behalf of the corporation. The trustee for the individual estate sought to recover the attorneys' fees as a fraudulent conveyance pursuant to § 67(d)(2)(a) of the Bankruptcy Act, the predecessor to the present 11 U.S.C. § 548. The issue under the Bankruptcy Act was whether the transfer was made "without fair consideration." The Court of Appeals decided that there had been "a complete absence of consideration." The only possible consideration that inured to one of the individual debtors was peace of mind. Id. at 867.
In this case, the debtor paid an obligation of a third party. It paid defendant's fees for legal services rendered to John Lee. If a transfer solely benefits a third party, it is clear that the debtor has not received reasonably equivalent value in exchange. Rubin v. Manufacturing Hanover Trust Co., 661 F.2d 979, 991 (2d Cir. 1981); In re Christian & Porter Aluminum Co., 584 F.2d 326, 337 (9th Cir. 1978). A debtor's transfer on behalf of a *207 third party may produce a benefit that ultimately flows to the debtor, albeit indirectly. If the indirect benefit constitutes reasonably equivalent value to the debtor, a trustee cannot avoid the transfer as fraudulent. See Rubin, 661 F.2d at 991; Klein v. Tabatchnick, 610 F.2d 1043, 1047 (2nd Cir.1979). The estate should be able to identify and to quantify the benefit which replaced the debtor's transfer of assets from the estate.
The debtor first employed John Lee as a truck driver in the early 1970s. Eventually, he became a salesman and his sales accounts included some of the debtor's major customers. He was one of the debtor's "key" employees. At trial, the testimony showed that Robert Kaye, president of the debtor, exclusively controlled the corporation. He established policy and he alone possessed the authority to decide on behalf of the corporate entity. John Lee never owned stock in the debtor nor was he ever an officer or director of the corporation. Mr. Lee was solely an employee.
Mr. Brooklier contends that the debtor was preserving its assets by providing Mr. Lee with defense counsel. The indictment alleged that the prosecution would be seeking only the forfeiture of Robert Kaye's stock in the debtor.[3] The defendant submits that Lee and Kaye benefitted by being defended in concert, because the indictment named them in five counts together. At the criminal trial, the defense counsels' strategy was that the acquittal of John Lee ultimately would assist Kaye's defense and obtain his acquittal. He further contended that the benefit to the debtor, if the jury had acquitted Kaye, would have been that Kaye would not have had to relinquish his shares of stock in the debtor.
Defendant's contentions are in error. The debtor did not benefit from John Lee's defense. The debtor was not a named defendant in the action.[4] Whatever connections actually existed between Lee and the debtor were too tenuous and distant to confer a benefit on the debtor. The essence of the defendant's argument here is that Mr. Lee's defense assisted Mr. Kaye's defense. Mr. Kaye's conviction could have lead to the forfeiture of his stock in the debtor. However, even assuming *208 this to be true, the Court finds that protecting Mr. Kaye's interest in the stock of the debtor is not the equivalent of conferring a benefit on the debtor. The defense has failed to prove that a "benefit" was exchanged for the $17,500 that the debtor paid to the defendant. The defendant did not present evidence regarding the consequences to the debtor if the government confiscated Kaye's stock in the debtor. The Court will not speculate on this point except to note that the debtor's stock is not the same as the debtor's assets, and therefore, the Court finds that no benefit accrued to the debtor from having Mr. Kaye retain his stock in the debtor. The Court specifically finds that the debtor did not receive any value from its transfer of $17,500 to defendant Brooklier.
The Court further notes that the debtor was not under any legal obligation to pay for Mr. Lee's attorneys' fees. California law does provide that a corporation may indemnify an employee's litigation expenses including attorneys' fees in certain circumstances. Cal.Corp.Code § 317 (West Supp.1984).[5]
From the language of the statute, it is apparent that the corporate indemnification of Mr. Lee's fees is completely discretionary. Cal.Corp.Code § 317 gives authority to a corporation to indemnify an employee but in no manner mandates such action. In addition, the statute is clear that when the proceeding is a criminal matter, the person, in this case Mr. Lee, must have reasonably believed that his conduct was lawful. Given the types of acts that were prosecuted in the criminal proceeding which included making threats and various violent acts, the Court does not find that Mr. Lee thought that such acts were lawful. The debtor did not possess the authority to pay the defense costs of its employees for clearly unlawful acts.
Accordingly, judgment is for the plaintiff for $17,500 plus interest from the date of the entry of the judgment. The above shall constitute Findings of Fact and Conclusions of Law pursuant to Bankruptcy Rule 7052.
NOTES
[1] 18 U.S.C. § 1961-1968 (1984) entitled "Racketeer Influenced and Corrupt Organizations" commonly known as R.I.C.O. 18 U.S.C. § 1962(c) provides:

It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.
[2] 11 U.S.C. § 548(a)(2) provides:

(a) The trustee may avoid any transfer of an interest of the debtor in property, or any obligation incurred by the debtor, that was made or incurred on or within one year before the date of the filing of the petition, if the debtor . . .
. . . . .
(2)(A) received less than a reasonably equivalent value in exchange for such transfer or obligation; and
(B)(i) was insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation;
(ii) was engaged in business, or was about to engage in business or a transaction, for which any property remaining with the debtor was an unreasonably small capital; or
(iii) intended to incur, or believed that the debtor would incur, debts that would be beyond the debtor's ability to pay as such debts matured.
[3] The R.I.C.O. count in the indictment alleged that Robert Kaye's shares of the debtor's corporate stock were subject to the forfeiture provision of 18 U.S.C. § 1963(a). § 1963(a) provides that a defendant's interest in ". . . any enterprise which he has established, operated, controlled, conducted or participated in the conduct of in violation of section 1962" may be forfeited to the United States. The indictment did name the debtor as the "enterprise" through which the defendants conducted their unlawful pattern of racketeering. See 18 U.S.C. § 1961(4) (1984). However, the debtor corporation was not indicted as a defendant.
[4] The indictment referred to the debtor only in Count Twenty. Count Twenty stated:

"A. Introduction
1. Burbank Generators, Inc., dba Universal Auto Electric, constituted an `enterprise' as defined by Title 18, United States Code, Section 1961(4). Defendants ROBERT KAYE, JAMES DANNO, JAMES GREENE, JOHN LEE, PAUL DeLUCA, JAY BROWN, and DONALD JOHNSON were all persons employed by and associated with this enterprise.
B. Pattern of Racketeering
2. Beginning in or about the Fall of 1973 and continuing to on or about May 1, 1980, within the Central District of California and elsewhere, defendants ROBERT KAYE, JAMES DANNO, JAMES GREENE, JOHN LEE, PAUL DeLUCA, JAY BROWN, and DONALD JOHNSON, being persons employed by and associated with Burbank Generators, Inc., dba Universal Auto Electric, an enterprise engaged in and the activities of which affected interstate and foreign commerce, unlawfully, willfully and knowingly conducted and participated, both directly and indirectly, in the conduct of the affairs of this enterprise through a pattern of racketeering, within the meaning of Title 18, United States Code, Section 1961(1) and (5), in violation of Title 18, United States Code, Section 1962(c).
. . . . .
C. Forfeiture
5. The Grand Jury further alleges that defendant ROBERT KAYE'S nineteen (19) shares of corporate stock in Burbank Generators, Inc., constituting an interest he has acquired and maintained in violation of Title 18, United States Code, Section 1962 and an interest in, and property affording a source of influence over, an enterprise he has conducted, and participated in the conduct of, in violation of Section 1962, are subject to forfeiture by defendant ROBERT KAYE to the United States of America pursuant to Title 18, United States Code, Section 1963."
[5] Cal.Corp.Code § 317(b) (West Supp.1984) provides that:

"A corporation shall have power to indemnify any person who was or is a party . . . to any proceeding . . . by reason of the fact that such person is or was an agent of the corporation, against expenses, judgments, fines, settlements and other amounts actually and reasonably incurred in connection with such proceeding if such person acted in good faith and in a manner such person reasonably believed to be in the best interests of the corporation and, in the case of a criminal proceeding, had no reasonable cause to believe the conduct of such person was unlawful. . . . "