In re **COMPUTER UNIVERSE, INC., Debtor.**

Valerie **HALL, Trustee, Plaintiff,**

v.

ARTHUR **YOUNG AND COMPANY, a partnership, Defendant.**

Bankruptcy No. 84–945–BK–J–GP.
Adv. No. 85–111.

United States Bankruptcy Court,
M.D. Florida,
Jacksonville Division.

Jan. 2, 1986.

Ronald Bergwerk, Jacksonville, Fla., for plaintiff.

Robert T. Hyde, Jr., Jacksonville, Fla., for defendant.

FINDINGS OF FACT AND
CONCLUSIONS OF LAW

GEORGE L. PROCTOR, Bankruptcy Judge.

Upon a trial held in this cause, the Court makes the following findings of fact and conclusions of law.

*Findings of Fact*

The facts are essentially undisputed.

The debtor is the wholly owned subsidiary of Industrial America Corporation, which is itself a Chapter 7 debtor. The defendant, Arthur Young and Company, performed various accounting services for Industrial America. No work was done directly for Computer Universe; the only services performed by the defendant that related to the debtor were the preparation of consolidated tax returns for Industrial America and its several subsidiaries. All work was billed to Industrial America.

As of August 22, 1984, Industrial America owed Arthur Young $39,001 which represented the balance of the July 25, 1983 and February 21, 1984 billings. Industrial America did not have funds to pay this bill. Edward T. Chappell, an officer of both Industrial America and the debtor suggested that Arthur Young accept computer equipment in exchange for its bill. An agreement was reached whereby certain items of equipment were transferred to Arthur Young. The itemized agreement, signed by Arthur Young, totalled $38,893. Arthur Young admits receiving all of the equipment listed on the agreement except for three (3) cables listed at $35 each. The defendant's witness testified that the equipment was placed into storage until it was needed a few months later, at which time the three cables could not be found. The transfer occurred within the 90 days prior to the petition.

Computer Universe received no cash from Arthur Young in exchange for the transfer of the equipment. It was not the intent of the parties that any money should be transferred, but that the entire matter should be handled through bookkeeping entries involving the various inter-party liabilities. An employee of Industrial America prepared a memo showing that the Arthur Young bill was placed on the Computer Universe books and the debt to Industrial America reduced by a like sum. The receivable created by the "sale" of equipment to Arthur Young was then set off against the accounting "debt."

*Conclusions of Law*

### Section 548

Section 548(a) of the Bankruptcy Code provides that:

> The trustee may avoid any transfer of an interest of the debtor in property ... that was made or incurred within one year before the date of the filing of the petition if the debtor voluntarily or involuntary—
>
> ....
>
> (2) A received less than a reasonably equivalent value in exchange for such transfer or obligation; and
>
> B(i) was insolvent on the date that such transfer was made or such obligation was incurred....

The transfer of the computer equipment was a transfer of property of the debtor within one year of the petition; the testimony is undisputed that the debtor was insolvent at all relevant times. The only question is whether the debtor received less than a reasonably equivalent value.

> Section 548(d)(2)(A) defines "value" as Property, or satisfaction or securing of a present or antecedent debt of the debtor, but does not include an unperformed promise to furnish support to the debtor or to a relative of the debtor....

In this case, the debtor did not receive property in exchange for the transfer. The question is whether the satisfaction of a third party debt through a "triangle" transaction constituted value to the debtor.

As a general rule, an insolvent debtor receives less than a reasonably equivalent value where it transfers its property in exchange for consideration which passes to a third party. In such cases, it ordinarily receives little or no value. *In re Royal Crown Bottlers of North Alabama, Inc. (Garrett v. Falkner)* 23 B.R. 28 (Bkrp.N.D.Ala.1982). Specifically, the payment of a shareholder debt by a corporation or vice-versa is generally avoidable by the trustee. *In re Burbank Generators, Inc. (Gill v. Brooklier),* 48 B.R. 204 (Bkrp.C.D.Cal.1985). Courts have cre-

ated an exception when the debtor received the benefit of the original consideration. For example, in *In re Evans Potato Co., Inc. (Butz v. Sohigro Service Co.)*, 12 B.C.D. 518, 44 B.R. 191 (Bkrp.S.D.Ohio 1984), the court declined to avoid a transfer under § 548(a)(2) where although the debtor had paid for goods bought by its principal the debtor had exclusive use of the goods purchased. Similarly, in *Barr & Creelman Mill & Plumbing Supply Co. v. Zoller*, 109 F.2d 924 (2d Cir.1940), the parent of the debtor corporation ordered materials, which were then used and paid for by the debtor. And this court has previously held that where interest payments were made by the debtor on a loan to a third party, which loan proceeds were then re-loaned to the debtor, the debtor has received reasonably equivalent value. *In re Holly Hill Medical Center, Inc. (Beemer v. Walter E. Heller & Co.)* 44 B.R. 253 (Bkrp. M.D.Fla.1984).

In all reported cases which have utilized this "indirect benefit" exception, the debtor received the benefit of the goods, services, or use of money for which it paid. In the instant case, it is undisputed that Computer Universe received only an incidental benefit by virtue of the defendant's accounting services. The bookkeeping entries that the transfer occasioned did not benefit the debtor: immediately prior to the transfer the debtor was insolvent and had $39,000 worth of computer equipment; immediately after the transfer the debtor was still insolvent and had $38,000 less equipment. Immediately prior to the transfer Arthur Young had an uncollectable debt from a third party; immediately after the transfer it had $39,000 in new equipment. In analyzing the definition of "value" in § 548, one treatise comments, "[i]n order for a satisfaction or security to constitute 'value,' it must enhance the financial position of the debtor. 3 *Bkr.L.Ed.* § 23:73. It is hard to see how the instant transaction benefitted the debtor.

### Section 547

There is no doubt that the transfer to Arthur Young was a transfer of property of the debtor made while the debtor was insolvent, within the 90 days prior to the petition, that enabled Arthur Young to receive more than it would if the transfer had not been made and it received distribution from the estate. The question is whether the transfer was to a creditor on account of an antecedent debt.

The plaintiff contends that although no direct debtor-creditor relationship existed between Computer Universe and Arthur Young, Arthur Young became a *de facto* creditor by virtue of its entry into this triangle transaction. Arthur Young never intended to pay for the equipment. Instead, it intended and did use for its own benefit the antecedent debt to the debtor's insolvent parent. But for the existence of an antecedent debt available to Arthur Young, it would not have received the equipment. In effect, Arthur Young became the assignee of a portion of the Industrial America debt from Computer Universe even though no formal documents were executed.

■ The definition of "value" contained in § 548(d)(2) shows that repayment of a debt will insulate a transferee from § 548 liability. The repayment of a debt however, remains subject to the trustee's § 547 preference voiding powers. The cases that have discussed the indirect benefit exception show the plaintiff's analysis to be correct.

■ The leading case on the tripartite exception is *Rubin v. Manufacturer's Hanover Trust Co.*, 661 F.2d 979 (2d Cir. 1981). There, the court stated that fair consideration for purposes of § 548 will often exist for a novation, where the debtor's discharge of a third person's debt also discharges his own debt to that third person. *Id.* at 992. In a novation, the parties are completely substituted. To the extent that Arthur Young claims that reasonably equivalent value passed to Computer Universe by virtue of the extinguishment of its debt to its parent, Arthur Young necessarily concedes that there has been a novation. Such novation substituted Arthur Young as

the creditor for Industrial America thus meeting the "to a creditor" element of the preference. The Second Circuit explained (referring to the giving of security):

> Nonetheless, if the debt secured by the transaction is not the debtor's own, then his giving of security will deplete the estate without bringing in a corresponding value from which his creditors can benefit, and his creditors will suffer just as if the debtor had simply made a gift of his property or obligation.

*Id.* at 991.

■ Prevention of depletion of the estate is the common thread that runs through Sections 547 and 548. Just as § 548 prevents depletion of the estate to non-creditors, § 547 prevents depletion of the estate to creditors. *See Deel Rent-A-Car, Inc. v. Levine,* 721 F.2d 750 (11th Cir.1983); *Abramson v. St. Regis Paper Co.,* 715 F.2d 934 (5th Cir.1983). There can be no doubt that the estate has been depleted in favor of Arthur Young to the detriment of the general creditors. Arthur Young cannot say that it is insulated from § 548 because the transfer was in repayment of a debt and from § 547 because it was not in repayment of a debt. Were the defendant's analysis to hold, an insolvent person facing bankruptcy could prefer favored creditors by using an insolvent intermediary or making arrangements with another prospective bankrupt to pay each other's preferred creditors.

Under both a legal and policy analysis, the transfer was, if not a transfer without consideration, a preference.

### Common Count for Goods Sold

Simply stated, the defendant received goods with a value of $38,893, none of which has been paid. Evidencing this is an agreement signed by the defendant which is in regular form that memorializes a sales transaction. Although the transfer was not intended to be a regular business transaction, this count remains as the plaintiff's residual theory.

### Remedy and Damages

■ Section 550(a) of the Bankruptcy Code permits the court to order either return of the property transferred or enter judgment for the value of the property.

Return of the property would be inappropriate in this instance. The defendant has been using the equipment for over a year. Although there was little direct testimony on the point, the defendant cannot seriously argue that personal property of this sort does not depreciate in value. The plaintiff cannot be made whole by the return of used computer equipment any more than by the return of an automobile that was transferred new but used for a year. *See In re Hudson,* 28 B.R. 876 (Bkrp.E.D.Tenn. 1983); 4 *Collier 15th* ¶ 550.02 n. 6. If the property were still worth its original value, the defendant could sell it and satisfy a money judgment; if not, the defendant has been enriched at the expense of the estate. Any relief other than entry of a money judgment would encourage transferees to resist recovery as long as possible in order to maximize their free rent. At the very least, the equipment should be valued as of the date of the petition when, the testimony suggests, it was largely unused. *See In re Adams,* 2 B.R. 313 (Bkrp.M.D.Fla.1980).

By agreement of the parties, the equipment was worth $38,393. The defendant selected the equipment from the inventory of the debtor. Arthur Young has suggested that the measure of damages should be limited to the cost to the debtor of the equipment. Such recovery would be insufficient. The testimony at trial was that this figure did not include the sales commission that was paid, freight, or indirect selling and overhead expenses. The defendant is bound to its agreed valuation.

### Conclusion

The plaintiff is entitled to prevail on one of its three counts. The transfer to Arthur Young was a transfer without consideration, a preference or a sale. The plaintiff is entitled to a money judgment for the value of the equipment.

A final judgment will be separately entered.