**In re Thomas M. VURCHIO.**

**Andrea A. RUFF, Trustee, Plaintiff,**

**v.**

**Philomena VURCHIO, Defendant.**

**Bankruptcy No. 87–693–BKC–6P7.
Adv. No. 87–303.**

United States Bankruptcy Court,
M.D. Florida,
Orlando Division.

Oct. 30, 1989.

Andrea A. Ruff, Orlando, Fla., trustee.

Raymond J. Rotella, Orlando, Fla., for defendant.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

GEORGE L. PROCTOR, Bankruptcy Judge.

This adversary proceeding is before the Court upon the trustee's complaint seeking the avoidance of a preference pursuant to 11 U.S.C. § 547 or a fraudulent transfer pursuant to 11 U.S.C. § 548. A trial was held on August 1, 1989, and upon the evi-

dence presented, the Court enters the following Findings of Fact and Conclusions of Law:

### Findings of Fact

The defendant, Philomena Vurchio, is the mother of the debtor, Thomas Vurchio. The suggested preferential transfer is a third mortgage to the defendant of October 28, 1986, to secure an existing debt of $62,000. From November 1979, through June 1983, the defendant loaned the debtor $62,000.00. The purpose of the loans was to permit the debtor to open an automobile parts and repair shop.

In May, 1983, the debtor owed the defendant $27,000. In June, 1983, the debtor decided to purchase a commercial building in Deland, Florida, and defendant loaned an additional $35,000. While it was · understood between them that the loans would be collateralized by a third mortgage on the building, the debtor and defendant did not act contemporaneously.

Before the debtor and defendant could execute the mortgage, the debtor became involved in a lengthy divorce action. The debtor's attorney recommended against executing the mortgage because it might appear that the debtor was attempting to thwart his ex-wife's claim to the business.

After the divorce was finalized, the debtor's attorney prepared and recorded the third mortgage on October 28, 1986. At the time of the recording the debtor had not considered bankruptcy or consulted an attorney in that connection.

The debtor was current on the payment of his undisputed bills on the recording date.

The debtor filed his petition for relief under on March 25, 1987.

At trial, the debtor and his bookkeeper both testified as to the debtor's solvency as of October 28, 1986. The evidence reflected that, at a fair valuation, the debtor's non-exempt assets exceeded the total due to creditors. The trustee presented no contrary proof as to the financial condition of the debtor on October 28, 1986.

### CONCLUSIONS OF LAW

This adversary proceeding presents two issues: (i) was new value given for the subsequent third mortgage, and (ii) was the debtor solvent at the time the third mortgage was recorded.

### Value

The trustee's complaint seeks to avoid the mortgage in question based upon 11 U.S.C. § 548 which provides that the trustee may avoid any transfer if the debtor voluntarily or involuntarily—

(1) made ... with actual intent to hinder, delay, or defraud any entity to ... or

(2)(A) received less than a reasonably equivalent value in exchange for such transfer or obligation; and

(B)(i) was insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation....

11 U.S.C. § 548(a).

■ In fraudulent conveyance actions, it is the trustee's burden to prove all issues. *In re Damason Construction Corp.*, 101 B.R. 775 (Bankr.M.D.Fla.1989).

■ It is undisputed that the defendant loaned the debtor $62,000.00 which was secured by a third mortgage some five months prior to filing. The evidence at trial also showed that as "new value" for the third mortgage, the defendant loaned the debtor an additional unsecured $10,000.

As § 548(a)(2)(B)(i) deals with the insolvency of the debtor, that issue will be more fully discussed in that context later in this opinion.

In *In re Computer Universe*, 58 B.R. 28 (Bankr.M.D.Fla.1986), this Court held

The definition of "value" contained in § 548(d)(2) shows the repayment of a debt will insulate a transferee from § 548 liability. The repayment of a debt, however, remains subject to the trustee's § 547 preference voiding powers.

*Id.* at 31.

The case before the Court today is analogous, the trustee has not presented any evidence as to any actual intent to defraud creditors. The transfer was for value, thus an action will not lie under 11 U.S.C. § 548.

### *Solvency*

Pursuant to § 547 of the Bankruptcy Code, the trustee may avoid any transfer of an interest of the debtor in property—

(1) to or for the benefit of a creditor;

(2) for or on account of an antecedent debt owed by the debtor before such transfer was made;

(3) made while the debtor was insolvent;

(4) made—

    (A) on or within 90 days before the date of the filing of the petition, or

    (B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and

(5) that enables such creditor to receive more than such creditor would receive if—

    (A) the case were under chapter 7 of this title;

    (B) the transfer had not been made; and

    (C) such creditor received payment of such debt to the extent provided by the provisions of this title.

[T]he debtor is presumed to have been insolvent on and during the 90 days immediately preceding the date of the filing of the petition.

11 U.S.C. § 547(b), (f).

■ It is clear that the burden is on the trustee to establish by the preponderance of the evidence all of the controverted elements of a preference. *Kramer v. Malco, Inc.,* 225 F.Supp. 344 (S.D.Ill.1964); 4 Colliers on Bankruptcy, 15th Ed., § 547.21(5).

■ In proving the element of insolvency, 11 U.S.C. § 101(31) defines insolvent to mean "financial condition such that the sum of an entity's property, at a fair valuation, exclusive of ..." property that has been exempted or fraudulently concealed or transferred. In essence, a balance sheet test where the liabilities must exceed the assets for the debtor to be considered insolvent.

■ Again, pursuant to § 547(f), since the transfer in question occurred some five months prior to filing of the petition, the trustee in this case does not enjoy a presumption of the debtor's insolvency. *See, In re Flight Management, Inc.,* 99 B.R. 477, 478 (Bankr.M.D.Fla.1989) (Footnote # 1).

At trial the debtor and his bookkeeper testified as to the debtor's solvency at the time of the transfer, entering into evidence financial reports that supported solvency.

The evidence also showed that as "new value" for the third mortgage, the defendant loaned the debtor an additional unsecured $10,000.

In contrast, the trustee merely entered into evidence the debtor's schedules, prepared some five months after the transfer. The trustee cites the difference between the values in the defendant's evidence at trial and that contained in the debtor's schedules as evidence of insolvency. This difference was explained during the trial in which the values contained in the schedules were liquidation values.

The law is well established that the value of assets to determine insolvency is not the liquidation or distressed value, but rather a reasonable estimate of what could be realized in cash over a reasonable period of time under carefully guarded, if not ideal, conditions. *In re Hunter Press,* 420 F.Supp. 338, 341 (D.Conn.1976); *In re Bellanca Aircraft Corp.,* 56 B.R. 339, 386 (Bankr.D.Minn.1985); *In re Southern Industrial Banking,* 71 B.R. 351, 356–357 (Bankr.E.D.Tenn.1987); *In re F & S Central Mfg. Corp.,* 53 B.R. 842, 849 (Bankr.E.D.N.Y.1985).

The Court finds that the plaintiff did not sufficiently refute the defendant's evidence that the debtor was solvent at the time of the transfer.

By virtue of this Court's finding the debtor solvent at the time of the transfer, the trustee's case against the defendant based upon fraudulent transfer must also fail.

## CONCLUSION

The plaintiff/trustee has failed to meet her burden of proof in establishing either a fraudulent or transfer or a preference.

The Court will enter a separate Final Judgment in favor of the defendant, Philomena Vurchio.