In re SUN SPAS BY
SCHAEFFER, INC., Debtor.

Valerie J. HALL, Trustee, Plaintiff,

v.

Carson Lee SCHAEFFER, Pamela
Schaeffer, and Kellie Lee
Schaeffer, Defendants.

Bankruptcy No. 89–1242–BKC–3P7.
Adv. No. 89–193.

United States Bankruptcy Court,
M.D. Florida,
Jacksonville Division.

Oct. 22, 1990.

Ronald Bergwerk, Jacksonville, Fla., for plaintiff.

Jeffery Korn, Jacksonville, Fla., for defendants.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

GEORGE L. PROCTOR, Bankruptcy Judge.

Plaintiff, Valerie Hall, as trustee of the estate of Sun Spas By Schaeffer, Inc., filed a five count complaint against the defendants Carson Lee Schaeffer ("Carson"), Pamela Schaeffer ("Pamela"), and Kellie Lee Schaeffer ("Kellie") alleging fraudulent transfer [11 U.S.C.A. § 548]; violation of the bulk transfer provisions of Florida Statutes [§§ 676.104–105]; and seeking turnover [11 U.S.C. § 542]. Upon the evidence presented, the Court enters the following Findings of Fact and Conclusions of Law:

## FINDINGS OF FACT

The debtor, Sun Spas By Schaeffer, Inc., filed a petition under Chapter 7 on May 8, 1989. The statement of financial affairs of debtor states that the "business ceased operation approximately February 1988, was engaged in sales of spas." The schedules of assets and liabilities showed that its only asset was a group of spas valued at $5,000 and that its liabilities exceeded $160,000.

The debtor conducted business at 1794 Rogero Road in Jacksonville, Florida, under the name Sun Spas By Schaeffer. At that location now is a business known as Sun Spas which is owned by Kellie, the daughter of Carson and Pamela.

The testimony of Carson and Kellie is that two distinct businesses were operated out of the same location. That is, Carson conducted a wholesale operation of spa and jacuzzi equipment, while Kellie's business is that of retail sales of spa and jacuzzi equipment. They further testified that all sales of equipment between the two businesses were at fair market value.

Evidence at trial also showed that both businesses jointly utilized personnel, ve-

hicles, and business premises. The vehicles were leased from Pamela, who also owns the building housing the businesses. Evidence also showed that neither business could be characterized as meticulous in its record keeping. Indeed, the obviousness of the family operation is discovered in Sun Spa company checks being written for such expenses as dog food, dentist, car repairs, and veterinarian bills.

Plaintiff has brought this action asserting that a scheme existed where Kellie and Carson set up identical businesses in the same location, diverting sales and income to Kellie's business, while the debtor continued to pay all the expenses until it finally withered and died. Thus, plaintiff seeks turnover of the assets of Sun Spas due to the alleged fraudulent conveyance, and/or a money judgment against defendants for the value of Sun Spas (valuation based on a failed contract to sell Sun Spas in February, 1989).

The issue before the Court in this adversary proceeding is not whether the defendants engaged in loose accounting, or questionable business practices, but whether the plaintiff has proven through clear and convincing evidence that transfers between the debtor and the defendants actually occurred within the time frames contemplated by the Bankruptcy Code and the Florida Statutes.

## CONCLUSIONS OF LAW

### Fraudulent Transfer

11 U.S.C. § 548 provides in relevant part: (a) The trustee may avoid any transfer of an interest of the debtor in property, or any obligation incurred by the debtor, that was made or incurred on or within one year before the date of the filing of the petition, if the debtor voluntarily or involuntarily—

(1) made such transfer or incurred such obligation with actual intent to hinder, delay, or defraud any entity to which the debtor was or became, on or after the date that such transfer was made or such obligation was incurred, indebted; or

(2)(A) received less than a reasonably equivalent value in exchange for such transfer or obligation; and

(B)(i) was insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation;

(ii) was engaged in business or a transaction, or was about to engage in business or transaction, for which any property remaining with the debtor was an unreasonably small capital; or

(iii) intended to incur, or believed that the debtor would incur, debts that would be beyond the debtor's ability to pay as such debts matured.

In fraudulent conveyance actions, it is the trustee's burden to prove all issues. *In re Vurchio*, 107 B.R. 363, 364 (Bankr.M. D.Fla.1989); *In re Damason Construction Corp.*, 101 B.R. 775, 777 (Bankr.M.D.Fla. 1989).

Plaintiff in this case has submitted evidence indicating that there was substantial misconduct in the business affairs of the debtor. However, she has not proven that such misconduct occurred within the prescribed one year time limit. This mandatory element of § 548(a) is clear and unmistakable.

Although plaintiff presented into evidence a bewildering array of accounting books, check ledgers, and other records, none point to specific instances within the year prior to filing where it can be said that equipment or funds were fraudulently transferred. Plaintiff asks this Court to simply look at a general pattern of activity, find a conspiracy, and award damages based on past value of a now defunct company's equipment and inventory. The Court declines.

### Alleged Bulk Sale Violation

Florida Statutes Chapter 676 codifies the Uniform Commercial Code as to bulk transfers. Fla.Stat. § 676.111 (1969) provides in relevant part:

No action under this chapter shall be brought nor levy made more than one year after the date on which the trans-

feree took possession of the goods unless the transfer has been concealed. If the transfer has been concealed, actions may be brought or levies made within one year after its discovery.

The debtor's filing of its petition was not the first notice to creditors that this family-operated company was in serious financial troubles. Indeed, it was the eventual garnishment of the debtor's checking account which precipitated its filing. The evidence presented shows that creditors were on notice of possible impermissible bulk transfers over a year prior to the filing of the debtor's petition.

Here, as discussed *supra*, the Court agrees with plaintiff that a violation may have occurred regarding the bulk transfer of the equipment of the debtor, however, § 676.111 acts as a bar as to any judgment this Court can now award.

### Turnover

11 U.S.C. § 542 provides in relevant part:
(a) ... [A]n entity ... in possession, custody, or control, during the case, of property that the trustee may use, sell or lease ... shall deliver to the trustee, and account for, such property or the value of such property....

■ Plaintiff has alleged that Pamela was a party to alleged improper transfers, yet the evidence at trial shows that she had no possession of assets of the debtor nor did she at any point have an ownership interest in Sun Spas. Thus, as a matter of law, this Court cannot enter a monetary judgment against her nor, obviously, require her to turnover property which she does not have.

Plaintiff has alleged that Carson was acting to transfer assets of the debtor to his control. Evidence shows that all sales were made to Kellie. Furthermore, there is no evidence that Carson had any ownership interest in Sun Spas or control of its inventory. Again, as a matter of law, the Court cannot enter a monetary judgment against him or require him to turnover property which he does not have or control.

■ As concluded *supra*, all transfers complained of in this adversary proceeding occurred between the debtor and Kellie as sole proprietor of Sun Spas. Furthermore, the evidence presented leads the Court to conclude that the transfers all occurred more than one year before the filing of the petition. Thus, as a matter of law, it cannot now require Kellie to turnover the assets of Sun Spas, alleging that they are the ill-gotten gains of fraudulent transfers.

### CONCLUSION

Plaintiff has failed to introduce evidence of transfers made by the debtor to the defendants within one year of the filing of the petition in the main bankruptcy case. Although the Court believes that serious misconduct has occurred in regards to the debtor, Sun Spas, and the defendants, the Court cannot go back in time to correct what is complained of in this current adversary proceeding. A separate Final Judgment will be entered in accordance with these Findings of Fact and Conclusions of Law.