In re GLOBE TANKER SERVICES INC., Globe Transport and Trading Company Limited, Debtors.

Richard M. COAN, Chapter 7 Trustee, Plaintiff,

v.

STONE OIL CO., Defendant.

Bankruptcy No. 5–88–00452.
Adv. No. 90–5134.

United States Bankruptcy Court, D. Connecticut.

March 11, 1993.

E. Huntington Deming, New Haven, CT, for plaintiff.

Howard T. Gillis, New Haven, CT, for defendant.

## MEMORANDUM AND ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT

ALAN H.W. SHIFF, Bankruptcy Judge.

The plaintiff seeks to set aside a wire transfer payment to the defendant as a fraudulent transfer. 11 U.S.C.A. § 548(a)(2) (West Supp.1992). The parties have filed cross motions for summary judgment. For the reasons that follow, both motions are denied.

## BACKGROUND

Globe Transport and Trading Company Limited earned commissions for transporting cargo aboard vessels it operated under charter contracts. It is not controverted that as of March 1, 1988, Globe Transport was insolvent.[1] Prior to March 25, 1988, Globe Transport had a charter contract on the vessel known as the *Globe Empress* and ordered fuel oil and bunkers, which are necessary to operate the vessel, from the defendant, Stone Oil Co. On March 25, 1988, Globe Transport lost the charter contract on the *Globe Empress*, and her operation and management were taken over by

---

1. Plaintiff's *Statement of Undisputed Facts*, April 30, 1992, ¶ 6.

Stamford Tankers, Inc.[2] On March 28, 1988, Globe Transport made a wire transfer payment of $58,216 to the defendant to pay for the oil and bunkers. On March 28 and 29, 1988, the defendant delivered the oil and bunkers to the *Globe Empress*, which was then under the control of Stamford Tankers. On June 1, 1988, an involuntary chapter 7 petition was filed against Globe Transport. On July 29, 1988, an order for relief entered. On September 20, 1989, Globe Transport's case and the chapter 7 case of Globe Tanker Services Inc., were substantively consolidated under the above caption.

On April 23, 1990, the plaintiff commenced this adversary proceeding, alleging that the wire transfer payment was a preferential transfer under § 547(b). On June 4, 1990, the plaintiff filed an amended complaint which added a second count, alleging that the wire transfer payment was a fraudulent transfer under § 548(a)(2). On April 30, 1992, the plaintiff, without pursuing the preference claim, moved for summary judgment on the fraudulent transfer count of the amended complaint. In support of that motion, the plaintiff contends that Globe Transport was not reimbursed for the wire transfer payment, and it did not receive the oil and bunkers because Stamford Tankers was in control of the *Globe Empress* when they were delivered.[3] On September 2, 1992, the defendant moved for summary judgment on the second count, claiming that Globe Transport had received "reasonably equivalent value" in exchange for the wire transfer. *See* § 548(a)(2)(A).

## DISCUSSION

■ Rule 56(c) Fed.R.Civ.P., made applicable by Rule 7056 Fed.R.Bankr.P., provides that summary judgment shall enter when:

In determining whether summary judgment should enter, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). The moving party has the burden of showing that there are no material facts in dispute and all reasonable inferences are to be drawn and all ambiguities are to be resolved in favor of the non-moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970); *Donahue v. Windsor Locks Bd. of Fire Comm'rs*, 834 F.2d 54, 57 (2d Cir.1987).

Code § 548 provides in relevant part:

(a) The trustee may avoid any transfer of an interest of the debtor in property ... that was made or incurred on or within one year before the date of the filing of the petition, if the debtor voluntarily or involuntarily—

(2)(A) received less than a reasonably equivalent value in exchange for such transfer ... and

. . . . .

(B)(i) was insolvent on the date that such transfer was made ...

(d)(2) In this section—

(A) "value" means property, or satisfaction or securing of a present or antecedent debt of the debtor ...

■ "[T]ransfers made or obligations incurred solely for the benefit of third parties do not furnish reasonably equivalent value," *In re Chicago, Mo. & Western Ry. Co.*, 124 B.R. 769, 772 (Bankr.N.D.Ill.1991); *see also In re Computer Universe*, 58 B.R. 28, 30 (Bankr.M.D.Fla.1986); *In re Bur-*

---

**2.** An order granting permission to the trustee to settle the adversary proceeding *Richard M. Coan, Trustee v. Stamford Tankers, Inc., et al.*, No. 90–5207, which alleged that Stamford Tankers was the recipient of fraudulent transfers from the debtor, entered on January 19, 1993.

**3.** *Affidavit of Richard M. Coan in Support of Plaintiff's Motion for Summary Judgment*, April 30, 1992, ¶¶ 8–11.

*bank Generators, Inc.,* 48 B.R. 204, 206 (Bankr.C.D.Cal.1985); *cf. Rubin v. Manufacturers Hanover Trust Co.,* 661 F.2d 979, 991 (2d Cir.1981) (decided under Bankruptcy Act § 67), unless the debtor's net worth is unaffected because it received a direct or indirect economic benefit from the transfer. *In re Augie/Restivo Baking Company, Ltd.,* 87 B.R. 242, 247 (Bankr. E.D.N.Y.1988), *citing Rubin v. Manufacturers Hanover Trust Co., supra,* 661 F.2d at 991; *see also In re Chicago, Mo. & Western Ry. Co., supra,* 124 B.R. at 773; *In re Computer Universe, supra,* 58 B.R. at 31; *cf. Klein v. Tabatchnick,* 610 F.2d 1043, 1047 (2nd Cir.1979) (decided under Bankruptcy Act § 67).

█ It is not disputed that the delivery of the oil and bunkers by the defendant to the *Globe Empress* was for the benefit of Stamford Tankers. There is a question of fact as to whether Globe Transport received a benefit in exchange for the wire transfer payment notwithstanding the plaintiff's affidavit to the contrary. Indeed, during oral argument the plaintiff admitted that the facts necessary to support that statement are not known.

The defendant claims that reasonably equivalent value was provided to Globe Transport in exchange for the wire transfer because it delivered the oil and bunkers to the *Globe Empress* pursuant to its contract with Globe Transport. But while that was the consideration Globe Transport bargained for, it does not follow, as a matter of law, that Globe Transport received reasonably equivalent value for its wire transfer payment. The plaintiff alleges that the benefit flowed to a third party, Stamford Tankers, and the defendant has failed to show any direct or indirect benefit to Globe Transport.

## ORDER

For the foregoing reasons the motions for summary judgment by the trustee and Stone Oil Co. are denied and IT IS SO ORDERED.