**In re COUNTDOWN OF CONNECTICUT, INC., Debtor.**

**Joseph A. RIS, Trustee for Countdown of Connecticut, Inc., Plaintiff,**

v.

**SOCIETY FOR SAVINGS, Defendant.**

**Bankruptcy No. 5–87–00865.**
**Adv. No. 5–88–0048.**

United States Bankruptcy Court, D. Connecticut.

June 13, 1990.

Linda M. Young, Day, Berry & Howard, Hartford, Conn., for plaintiff.

Robert U. Sattin, Reid and Reige, P.C., Hartford, Conn., for defendant.

## MEMORANDUM AND ORDER ON MOTION FOR SUMMARY JUDGMENT

ALAN H.W. SHIFF, Bankruptcy Judge.

### I.

On April 7, 1986, the debtor gave the defendant an unsecured $3,000,000.00 promissory note (the "1986 note") and received a line of credit from the defendant for that amount. On that same date, the debtor and the defendant entered into a "Commercial Revolving Loan Agreement" which specified the terms under which the debtor could draw upon the line of credit. One condition was that if the debtor defaulted, it would grant the defendant a security interest in all of its property.

As of March 19, 1987, the debtor had drawn the entire $3,000,000.00 line of credit and was in default on the 1986 note. On same that date, the defendant waived existing defaults in exchange for which the debtor gave the defendant a new $3,000,-000.00 note and a security interest in all of its property and agreed to pay accrued interest of $52,353.12. *Defendant's Exhibits* 3, 4 and 5. The debtor also issued preferred stock to a group of investors in exchange for $1,500,000.00. The defendant claims that the investors would not have made this capital infusion if the 1986 note defaults had not been waived. The defendant subsequently perfected the security interest.

On November 16, 1987, the debtor filed a petition under chapter 11 of the Bankruptcy Code. On November 17, 1987, a cash collateral order entered which included an acknowledgement by the debtor that the defendant had a valid, duly perfected, first priority security interest in all of the debtor's assets; granted the defendant a continuing first priority security interest in all of the debtor's assets; and provided that any successor to the debtor, including any trustee appointed, would be bound by the order.[1] The debtor subsequently paid the defendant the entire amount of the secured debt pursuant to the cash collateral orders.

On March 3, 1988, the plaintiff was appointed chapter 11 trustee. *See* 11 U.S.C. § 1104(a). On April 14, 1988, the trustee commenced the instant adversary proceeding under Code § 543(b), seeking an order requiring the defendant to turn over certain bank deposits. On September 30, 1988, the plaintiff filed an amended complaint adding six counts, two of which are at issue here: Count 2—alleging that the March 19, 1987 transfer of the security interest was a fraudulent conveyance under Code § 548(a); and Count 3—alleging that payments made by the debtor to the defendant within ninety days of the petition were preferential under Code § 547(b).[2] On February 22, 1990, the de-

---

1. Cash collateral orders with the same provisions entered on December 11 and 23, 1987, and January 12, February 4, and March 9, 1988.

2. Code § 547(b) provides in part:

[T]he trustee may avoid any transfer of an interest of the debtor in property—
 (1) to or for the benefit of a creditor;

fendant filed the instant motion for summary judgment on Counts 2 and 3.

The defendant argues that the debtor received value when it transferred the security interest to the defendant because the security interest secured an antecedent debt of $3,000,000.00; that whether the funds were advanced before, contemporaneously with, or after the granting of the security interest is irrelevant; and that because the security interest extended only up to the amount of the debt, it must be found as a matter of law that the debtor received reasonably equivalent value in exchange for the transfer of the security interest. The defendant further contends that because it was a secured creditor during the ninety days before the petition, it must be found as a matter of law that payments made to it by the debtor were not preferential. The defendant's latter argument follows such cases as *Matter of Prescott*, 805 F.2d 719, 726 (7th Cir.1986) ("[T]he trustee generally must establish that the preferred party's claim is not fully secured. The payment of a secured claim ordinarily does not allow a creditor to receive more than it would receive in a chapter 7 distribution."), and *Wilson v. First Nat'l Bank (Matter of Missionary Baptist Foundation of Am., Inc.)*, 796 F.2d 752, 759 (5th Cir.1986) ("It is a commonplace that preference law exempts fully secured creditors from its grasp.").

The thrust of the plaintiff's response is that at the time of the transfer of the security interest, the debtor already had the $3,000,000.00; and that since the questions of what the debtor received and the value of the security interest given by the debtor present questions of fact, the motion for summary judgment must be denied.

(2) for or on account of an antecedent debt owed by the debtor before such transfer was made;
(3) made while the debtor was insolvent;
(4) made—
(A) on or within 90 days before the date of the filing of the petition; ... and
(5) that enables such creditor to receive more than such creditor would receive if—

## II.

It is apparent that if as a matter of law the transfer of the security interest to the defendant on March 19, 1987 was not a fraudulent conveyance, so that the defendant's motion must be granted as to Count 2, the defendant's motion must also be granted as to Count 3, as the viability of that security interest would defeat the plaintiff's preferential transfer argument.

Rule 56(c) Fed.R.Civ.P., made applicable by Bankruptcy Rule 7056, provides:

[Summary judgment] shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

In determining whether to grant summary judgment, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). Thus, while "[p]roperly employed, summary judgment allows the court to dispose of meritless claims before becoming involved in a frivolous and costly trial ..., [i]t must ... be used selectively to avoid trial by affidavit." *Donahue v. Windsor Locks Bd. of Fire Comm'r*, 834 F.2d 54, 58 (2d·Cir.1987). The moving party has the burden of showing that there are no material facts in dispute, and all reasonable inferences are to be drawn and all ambiguities are to be resolved in favor of the non-moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970); *Donahue, supra*, 834 F.2d at 57 ("[N]ot only must there be no genuine issue as to the evidentiary facts, but there must also be no

(A) the case were a case under chapter 7 of this title;
(B) the transfer had not been made; and
(C) such creditor received payment of such debt to the extent provided by the provisions of this title.

controversy regarding the inferences to be drawn from them.").

Code § 548 provides:

(a) The trustee may avoid any transfer of an interest of the debtor in property, or any obligation incurred by the debtor, that was made or incurred on or within one year before the date of the filing of the petition, if the debtor voluntarily or involuntarily—

. . . .

(2)(A) received less than a reasonably equivalent value in exchange for such transfer or obligation; and

(B)(i) was insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation....

. . . .

[d](2) In this section—

(A) "value" means property, or satisfaction or securing of a present or antecedent debt of the debtor, but does not include an unperformed promise to furnish support to the debtor or to a relative of the debtor....

The issue of whether, as a matter of law, the debtor received reasonably equivalent value presents two questions: (1) whether the $3,000,000.00 was loaned by the defendant in exchange for the security interest given by the debtor, and, if so, (2) whether the security interest was reasonably equivalent to the $3,000,000.00 loaned.

 Under Code § 548(d)(2)(A) an antecedent debt constitutes value for the granting of a security interest. *Pereira v. Hope (In re 550 Les Mouches Fashions, Ltd.)*, 24 B.R. 509, 516 (Bankr.S.D.N.Y. 1982).³ Thus, I agree with the defendant that the transfer of the security interest by the debtor did not have to be contemporaneous with the defendant's loan to the debtor and conclude that the transfer of the loan proceeds constituted value for the transfer of the security interest.

 The evolving question then is whether the value of the security interest was, as a matter of law, $3,000,000.00 or less. It is generally a question of fact as to whether an exchange is made for reasonably equivalent value. *E.g., Bundles v. Baker (Matter of Bundles)*, 856 F.2d 815, 824 (7th Cir.1988); *Demusis v. Carr (In re Carr)*, 40 B.R. 1007, 1008 (D.Conn.1984). The defendant argues that because its lien only secured up to the $3,000,000.00 loaned, the security interest it received from the debtor was worth no more than $3,000,000.00, which is the exact equivalent value of what the debtor received.

If reasonably equivalent value were determined from the perspective of what is received by the transferee, the defendant might well be correct. However, as this court stated in *Meister v. Jamison (In re Jamison)*, 21 B.R. 380, 382 (Bankr.D.Conn. 1982), the "analysis of an allegedly fraudulent transfer must be directed at what the debtor surrendered and what the debtor received...." *See also Matter of Bundles, supra,* 856 F.2d at 824; *Martin v. Phillips (In re Butcher)*, 58 B.R. 128, 130 (Bankr.E.D.Tenn.1986). What the debtor transferred here may well have been worth more than $3,000,000.00 to the debtor. For example, if the debtor's assets were worth more than $3,000,000.00, by giving the defendant a blanket lien on all of its assets the debtor may have lost an opportunity to obtain credit from other sources. While some disparity between the value of collateral and the value of debt does not necessarily lead to a finding of lack of reasonably equivalent value, it is a question of fact as to whether the exchange was reasonably equivalent. *E.g., Inland Security*

---

**3.** It is worthy of note that under Connecticut law "a person gives 'value' for rights if he acquires them ... as security for ... a preexisting claim...." Conn.Gen.Stat.Ann. § 42a–1–201(44)(b) (West 1990). *See also, e.g., Lowell v. First Nat'l Bank of Cape Code (In re Lowell)*, 20 B.R. 464, 467 (Bankr.D.Mass.1982) ("[V]alue can be a pre-existing claim."); *First Nat'l Bank in Pierre v. Feeney*, 393 N.W.2d 458, 2

UCC Rep.Serv.2d 676, 680 (S.D.1986) ("Despite the plain language of [1–201(44)], several parties have argued that a creditor does not give value if he takes his security interest to secure a pre-existing claim against the debtor. On this point, the courts have tossed these parties out on their ears, as well they ought.' J. White & R. Summers, *Uniform Commercial Code* § 23–4, at 915 (2d ed. 1980).").

*Co., Inc. v. Estate of Kirshner,* 382 F.Supp. 338, 347 (W.D.Mo.1974); *In re 550 Les Mouches Fashions, Ltd., supra,* 24 B.R. at 516 ("[The] inquiry is whether the property was received to secure an antecedent debt in an amount not disproportionately small compared with the value of the property.... Thus, a fraudulent conveyance would exist here if the value of the [collateral] ... was 'disproportionately large' in relation to the ... indebtedness...."); *Hemphill v. T & F Land Co. (Matter of Hemphill),* 18 B.R. 38, 48 (Bankr.S.D.Iowa 1982); *First Nat'l Bank of Dalton v. Browning Tufters, Inc. (In re Browning Tufters, Inc.),* 3 B.R. 487, 490 (Bankr.N.D.Ga.1980). Accordingly, summary judgment is not appropriate on Count 2.

The foregoing conclusion is dispositive of the defendant's motion under Count 3. *See supra* at 20.

### III.

For the foregoing reasons, the defendant's motion is denied, and IT IS SO ORDERED.