In re Anna A. **GUERRERA**, Debtor.

Richard M. **COAN**, Trustee, Plaintiff,

v.

**FLEET CREDIT CARD SERVICES, INC.,** Defendant.

Bankruptcy No. 96–50108.
Adversary No. 96–5044.

United States Bankruptcy Court,
D. Connecticut.

Sept. 22, 1998.

Scott M. Charmoy, Law Offices of Ira B. Charmoy, Fairfield, CT, for plaintiff.

Douglas M. Fisher, Solomon and Solomon, P.C., Albany, NY, for defendant.

**MEMORANDUM AND ORDER ON COMPLAINT TO DETERMINE PREFERENTIAL TRANSFER UNDER § 547(b), FRAUDULENT CONVEYANCE UNDER § 548(a), AND RECOVERY OF TRANSFER UNDER § 550(a)**

ALAN H.W. SHIFF, Chief Judge.

This adversary proceeding was commenced by the plaintiff/trustee ("trustee") to avoid a

preferential transfer by the debtor Anna Guerrera[1] to the defendant Fleet Credit Card Services ("Fleet") under § 547 or, alternatively, to avoid that transfer as a fraudulent transfer under § 548(a). In addition, the trustee seeks to recover the transferred funds under § 550(a). For the reasons that follow, judgment shall enter in favor of the trustee.

## BACKGROUND

Fleet issued a credit card to Michelina Accettullo, the debtor's sister. In the Fall of 1995, the debtor began using the credit card with Accettullo's consent. *See July 30, 1997 Transcript of Testimony of Michelina Accettullo* at 3 (hereinafter the "Accettullo Transcript"). During that time, the debtor used the credit card for herself and her children and for the benefit of Accettullo. Both the debtor and Accettullo testified that although they could not recall the exact amount, it was estimated that the debtor incurred personal charges of "a few hundred dollars," and in any event no more than $1,000.00. *See id.* at 5; *see also July 30, 1997 Transcript of Debtor* at 30 (hereinafter the "Debtor Transcript"); *June 17, 1998 Transcript* at 10.[2]

In December 1995, the debtor settled a personal injury claim for approximately $9,800.00. On or about December 18, 1995,

the debtor purchased a cashier's check payable to Fleet in the amount of $5,590.37. *See Plaintiff's Exh. 3.* She gave the check to Accettullo who sent it to Fleet in full satisfaction of the outstanding indebtedness on the credit card. *See Debtor Transcript* at 12. On January 25, 1996, the debtor filed a chapter 7 petition. The § 341 hearing was held on February 28, 1996.

On April 15, 1996, the trustee commenced this adversary proceeding to avoid the December 18 transfer under §§ 547(b) and 548(a) and to recover that amount under § 550(a). On June 11, 1996, the trustee filed a motion to amend the complaint to, *inter alia*, delete the § 548(a) count. On July 16, 1996, the motion was granted.

Trial commenced on July 30, 1997. At trial, the debtor testified that she was "not liable for the complete amount that [she] gave [Accettullo] to pay off her charge card." *Debtor Transcript* at 8. *See also id.* at 21. The debtor testified further that she was incorrect when she testified at the § 341 hearing that she owed Accettullo the full amount of the debt incurred on the credit card. *Id.* Accettullo testified that the debtor's payment of the credit card debt was not a repayment of any debt owed by the debtor to Accettullo.[3] *See Accettullo Transcript* at 13.

---

1. In November 1997, the debtor resumed her maiden name "Acettullo." *See June 17, 1998 Transcript* at 3.

2. By the end of 1995, the debtor had become an "authorized user" on the credit card. *See Debtor Transcript* at 31. None of the parties contend that that status has any bearing on the analysis.

3. Fleet objected to that testimony contending that it was irrelevant because it went beyond the scope of the § 547 complaint. *Accettullo Transcript* at 9–10. The court overruled the objection. *Id.* at 10. After a review of the transcript, the court concludes that that ruling was been incorrect. However, under Rule 9005 F.R.Bankr.P., the error is harmless because it did not affect any "substantial rights" of the parties. The Second Circuit Court of Appeals has stated:

 Bankruptcy Rule 9005 adopts for the purposes of bankruptcy proceedings Fed.R.Civ.P. 61, which provides that "no error or defect in any ruling or order or in anything done or omitted by the court" is ground for disturbing an order "unless refusal to take such action appears to the court inconsistent with substantial justice"

and the court "must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties...." The harmless error rule has been invoked in the bankruptcy context where procedural irregularities, ... would not have had an effect on the outcome of the case.

*Hart Environmental Management Corp. v. Sanshoe Worldwide Corp. (In re Sanshoe Worldwide Corp.),* 993 F.2d 300, 305 (2d Cir.1993), *quoting Kane v. Johns–Manville Corp.,* 843 F.2d 636, 647 (2d Cir.1988).

 Sustaining Fleet's objection would not have prevented the trustee from reasserting the fraudulent transfer count by moving to amend his complaint under Rule 7015(a) to add that cause of action. It is noted that even if judgment had entered in favor of Fleet on the preference count, the trustee could have moved for relief under Rule 9023 or 9024(b)(1) or (6) F.R.Bankr.P. However, none of those remedies would be available unless a fraudulent transfer count would be viable, i.e., not barred by the applicable statute of limitations.

 Under § 546, the trustee would have been required to bring a § 548 count by January 25,

On August 20, 1997, the trustee filed a motion under Rule 7015(b) F.R.Bankr.P. to amend his complaint to reassert a fraudulent transfer count, *see* § 548, to conform to the evidence. On September 23, 1997, that motion was granted over Fleet's objection, and the amended complaint reinstated the § 548(a) count. On September 30, 1997, the trustee filed a Motion to Reopen the Record for Submission of Additional Evidence to establish the insolvency requirement of § 548(a). That motion was granted on February 23, 1998 over Fleet's objection.[4] On March 3, Fleet appealed, and on April 27, the Bankruptcy Appellate Panel for the Second Circuit denied Fleet leave to appeal the order and dismissed the appeal.

The trial resumed on June 17, 1998. During closing arguments, the trustee conceded that he could not prevail on the § 547 count of his amended complaint because he could not sustain his burden of showing a debtor/creditor relationship between the debtor and Accettullo. *June 17, 1998 Transcript* at 18. With regard to the § 548 count, the court determined at the conclusion of the trial that the trustee had sustained his burden of proving that the debtor was insolvent at the time of the transfer. *Id.* at 20. The

parties have stipulated that the sole disputed issue here is whether the debtor received less that a "reasonably equivalent value" from Accettullo in exchange for the payment of $5,590.37 to Fleet on December 18. *Id.* at 29.

## DISCUSSION

 Section 548 provides in relevant part:

(a) The trustee may avoid any transfer of an interest of the debtor in property . . . that was made . . . within one year before the date of the filing of the petition, if the debtor voluntarily or involuntarily—

. . .

(2)(A) received less than a reasonably equivalent value in exchange for such transfer or obligation. . . .

11 U.S.C. § 548 (West 1998).[5] The trustee has the burden of proving, *inter alia*, a lack of "reasonably equivalent value." *See Barber v. Golden Seed Co., Inc.*, 129 F.3d 382, 387 (7th Cir.1997); *Rubin v. Manufacturers Hanover Trust Co.*, 661 F.2d 979, 993 (2d Cir.1981).[6]

 Section 548 "ensures that . . . assets are brought into the bankruptcy estate so

---

1998. The trial occurred on July 30, 1997. Because the statute of limitations had not yet run on the date of trial, the trustee could have sought to amend the complaint under Rule 7015(a) F.R.Bankr.P. Under that rule, "leave shall be freely given when justice so requires." Rule 7015(a) F.R.Bankr.P. Had Fleet objected on the basis that it was not prepared to defend a fraudulent transfer action, the court would continue the trial so that Fleet could prepare for trial on all viable claims. As noted *supra*, a fraudulent transfer count had been asserted at the commencement of this adversary proceeding, so Fleet may have already obtained all necessary discovery. The application of the harmless error principle is appropriate because here Fleet could not have avoided the fraudulent transfer issue, and an overriding policy of the bankruptcy code is to maximize the property of the bankruptcy estate for distribution to creditors.

4. It is noted that a motion to reopen to submit additional proof is within the sound discretion of the trial court. *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 331, 91 S.Ct. 795, 28 L.Ed.2d 77 (1971), *reh'g denied*, 401 U.S. 1015, 91 S.Ct. 1247, 28 L.Ed.2d 552 (1971). *See also Garcia v. Woman's Hospital of Texas*, 97 F.3d 810, 814 (5th Cir.1996); *Blinzler v. Marriott*

*International, Inc.*, 81 F.3d 1148, 1160 (1st Cir. 1996); *Bradford Trust Co. v. Merrill Lynch, Pierce, Fenner and Smith, Inc.*, 805 F.2d 49, 52 (2d Cir.1986). Further "[a] trial court's decision to reopen is premised upon criteria that are flexible and fact-specific, but fairness is the key criterion." *Blinzler v. Marriott International, Inc., supra* at 1160. The denial of the trustee's motion would have allowed Fleet to retain a fraudulent transfer.

5. Pub.L. No. 105–183, entitled the "Religious Liberty and Charitable Donation Protection Act of 1997" and enacted June 19, 1998, is not applicable in this proceeding.

6. Although the *Rubin* case was decided under § 67(d) of the Bankruptcy Act of 1898, a prior fraudulent transfer provision which used the phrase "fair consideration" instead of "reasonably equivalent value," its use in resolving questions under § 548(a)(2) is instructive. *See, e.g., Harman v. First American Bank of Maryland (In re Jeffrey Bigelow Design Group, Inc.)*, 956 F.2d 479, 485 (4th Cir.1992); *GE Credit Corp. of Tennessee v. Murphy (In re Rodriguez)*, 895 F.2d 725, 727 n. 2 (11th Cir.1990); *Scott v. Fifth Third Bank (In re Carrousel Motels, Inc.)*, 160 B.R. 993, 999 (Bankr.S.D.Ohio 1993).

that they can be equitably distributed to the debtor's creditors." *Religious Liberty and Charitable Donation Protection Act of 1997*, H.R.Rep. No. 105–556, 105th Cong., 2d Sess. 1998, 1998 WL 285820 (June 3, 1998). *See also Walker v. Treadwell (In re Treadwell)*, 699 F.2d 1050, 1051 (11th Cir.1983) (citation omitted) ("The object of section 548 is to prevent the debtor from depleting the resources available to creditors through gratuitous transfers of the debtor's property"); *Rubin v. Manufacturers Hanover Trust Co.*, *supra*, 661 F.2d at 992 (The statutory purpose is to conserve the debtor's estate for the benefit of the creditors).

■ The term "reasonably equivalent value" is not defined in the bankruptcy code although § 548(d)(2)(A) defines "value" as "property, or satisfaction or securing of a present or antecedent debt of the debtor, but does not include an unperformed promise to furnish support to the debtor or to a relative of the debtor." 11 U.S.C. § 548(d)(2)(A). The determination of whether reasonably equivalent value was received by the debtor requires the court to compare what was given with what was received. *See Barber v. Golden Seed Co., Inc.*, *supra*, 129 F.3d at 387; *Ris v. Society for Savings (In re Countdown of Connecticut, Inc.)*, 115 B.R. 18, 21 (Bankr.D.Conn.1990).

■ It is not necessary that there be "mathematical precision" or a "penny-for-penny" exchange in order to establish reasonably equivalent value. *Rubin v. Manufacturers Hanover Trust Co.*, *supra*, 661 F.2d at 994. However, "the court must keep the equitable purposes of the statute firmly in mind, recognizing that any significant disparity between the value received and the obligation assumed ... will have significantly harmed ... innocent creditors...." *Id.*

As this court previously observed:

Transfers made or obligations incurred solely for the benefit of third parties do not furnish reasonably equivalent value, ... unless the debtor's net worth is unaffected because [she] received a direct or indirect *economic benefit* from the transfer.

*Coan v. Stone Oil Co. (In re Globe Tanker Services, Inc.)*, 151 B.R. 23, 24–25 (Bankr. D.Conn.1993) (citations and internal quotation marks omitted) (emphasis added). *See also Rubin v. Manufacturers Hanover Trust, Co.*, *supra*, 661 F.2d at 991 ("If the consideration given to the third person has ultimately landed in the debtor's hands, or if the giving of the consideration to the third person otherwise confers an economic benefit upon the debtor, then the debtor's net worth has been preserved...."). However, any indirect benefit received must be "fairly concrete." *Leibowitz v. Parkway Bank & Trust Co. (In re Image Worldwide, Ltd.)*, 139 F.3d 574, 578 (7th Cir.1998). *See also Zahra Spiritual Trust v. United States*, 910 F.2d 240, 249 (5th Cir.1990) (construing state law).

■ It has been determined that "intangible, psychological benefits" do not constitute reasonably equivalent value, *Dietz v. St. Edward's Catholic Church (In re Bargfrede)*, 117 F.3d 1078, 1080 (8th Cir.1997). *See, e.g., id.* (release of possible burden on marriage and preservation of family is not reasonably equivalent value); *Zahra Spiritual Trust v. United States*, *supra*, 910 F.2d at 249 (spiritual fulfillment is not reasonably equivalent value); *In re Treadwell*, *supra*, 699 F.2d at 1051 (love and affection are not adequate consideration); *In re Young*, 152 B.R. 939, 948 (D.Minn.1993), *rev'd on other grounds*, 141 F.3d 854 (8th Cir.1998) ("A debtor cannot receive reasonably equivalent value for payments that are made out of a sense of moral obligation rather than legal obligation"); *In re 375 Park Avenue Assoc., Inc.*, 182 B.R. 690, 697 (Bankr.S.D.N.Y.1995) (construing state statute) (applying an "economic benefits" test, court held that philanthropic obligations do not constitute fair consideration); *Harris v. Burrell (In re Burrell)*, 159 B.R. 365, 370 (Bankr.D.Ga.1993) (love and affection are not reasonably equivalent value).

■ It is undisputed that the debtor made the $5,590.37 payment to Fleet primarily for the benefit of Accettullo, *i.e.*, the payment to Fleet discharged Accettullo's debt to Fleet. It is further undisputed that the debtor used the credit card personally and for the benefit of her children in an amount that did not exceed $1,000.00. The question then is

whether the debtor received any *economic* value from Accettullo which was reasonably equivalent to the $5,590.37 transfer, less the amount of her personal use of the credit card.

Fleet argues that in addition to the $1,000.00 that the debtor charged to the credit card, she also "borrowed" money from Accettullo for rent, food, clothes, and utilities which would collectively constitute reasonably equivalent value. *See Fleet's Memorandum of Law* at 3. *See also June 17, 1998 Transcript* at 20–1. There was no credible evidence that the debtor paid the credit card debt in satisfaction of a legal obligation that she owed to Accettullo. To the contrary, the evidence demonstrated that Accettullo never expected to be repaid. *Accettullo Transcript* at 13.

Fleet also argues that a family relationship should not be used to nullify economic value transferred, *see Fleet's Memorandum of Law* at 3–4, but that argument assumes that economic value flowed to the debtor. There was none. The debtor may well have felt a moral or family obligation to Accettullo, and to that extent, she may have benefitted from the transfer. However, any such obligation cannot be considered in the § 548(a)(2)(A) analysis for the obvious reason that the depletion of resources available to creditors cannot be offset by the satisfaction of moral obligations. Consequently, the December 18 transfer to Fleet was a fraudulent transfer under § 548(a)(2) and those funds are recoverable by the trustee under § 550(a).[7]

### ORDER

Accordingly,

IT IS ORDERED that judgment shall enter in favor of Fleet on Count One of the Amended Complaint;

IT IS FURTHER ORDERED that judgment shall enter in favor of the trustee on Count Two of the Amended Complaint; and

IT IS FURTHER ORDERED that the sum of $4,590.37 is recoverable by the trustee under § 550(a).

---

7. The debtor testified that "a few hundred dollars" but no more than $1,000.00 of the credit card debt was attributed to her personal use, *see supra* at 34. The court has found that all but the amount of the debtor's personal use was a transfer for less than a reasonably equivalent value. The trustee has the burden of proving that the transfer was for less that a reasonably equivalent value. Accordingly, $1,000.00 is attributed to the debtor's use and is deducted from the $5,590.37 transfer.